IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01197-BNB

JAMIL ABDULLAH AL-AMIN,

    Petitioner,

v.

BLAKE DAVIS, Warden, ADX Florence,
SAMUEL S. OLENS, Attorney General of the State of Georgia, and
BRIAN OWENS, Commissioner of the Georgia Department of Corrections,

    Respondents.

ORDER TRANSFERRING CASE

    This matter is before the Court on the Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner. Petitioner, who is represented by counsel, presently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Petitioner "is serving a life sentence without the possibility of parole, following his conviction for murder and other crimes by a jury impaneled by the Fulton County Superior Court of the State of Georgia." (ECF No. 1 at 1.) Petitioner is serving his Georgia sentence in a federal prison in Colorado pursuant to a contractual agreement between the Georgia Department of Corrections and the Federal Bureau of Prisons. (*See* ECF No. 1 at 4.) Petitioner claims in this action that his rights under the United States Constitution have been violated and he seeks a new trial as relief. For the reasons stated below, this action will be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division.

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions." The United States Supreme Court has interpreted this provision as requiring jurisdiction over the applicant's custodian "even if the prisoner himself is confined outside the court's territorial jurisdiction." *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). The Supreme Court reached this conclusion because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* at 494-95.

The proper respondent in a habeas corpus action is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Id.* at 438. Instead, a habeas applicant "who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* For example, the prisoner in *Braden* was serving a sentence in an Alabama prison pursuant to an Alabama conviction but he was challenging a detainer lodged against him in Kentucky state court. *See Braden*, 410 U.S. at 486-87. The Supreme Court held in *Braden* that the Kentucky court, rather than the Alabama warden, was the proper respondent

because the Alabama warden was not "the person who [held] him in what [was] alleged to be unlawful custody." *Id.* at 494-95. The Supreme Court's conclusion was supported in part by traditional venue considerations because "[i]t is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found." *Id.* at 493-94.

As noted above, Petitioner is serving a Georgia sentence in a federal prison in Colorado pursuant to a contractual agreement between the Georgia Department of Corrections and the Federal Bureau of Prisons. (*See* ECF No. 1 at 4.) He names as respondents the warden of the federal prison in which he is incarcerated, the Attorney General of the State of Georgia, and the Commissioner of the Georgia Department of Corrections. According to Petitioner, "the Georgia Department of Corrections retains control over [Petitioner's] custody." (ECF No. 1 at 5.)

Petitioner asserts that jurisdiction and venue are proper in the District of Colorado pursuant to § 2241(d). In relevant part, that statute provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgement and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). In *Braden*, the Supreme Court interpreted this language to mean that:

> a prisoner contesting a conviction and sentence of a state court of a State which contains two or more federal judicial districts, *who is confined in a district within the State other*

> *than that in which the sentencing court is located*, has the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located.

*Braden*, 410 U.S. at 497 (emphasis added).

There is no question that the State of Georgia has more than two federal judicial districts. *See* 28 U.S.C. § 90. However, as the Supreme Court explained in *Braden*, the filing option authorized by § 2241(d) only arises when a prisoner, who is incarcerated in the same state that imposed the conviction being challenged, is incarcerated in a judicial district that does not include the sentencing court. These circumstances are not present for Petitioner because he is not incarcerated in Georgia. Therefore, the instant action is not properly filed in the District of Colorado based on the language of § 2241(d).

In cases decided prior to *Padilla*, lower courts relying on *Braden* "have held that where a petitioner is housed in a state other than the state where he was convicted and sentenced, the 'true custodian' is the official in the state whose indictment or conviction is being challenged." *Holder v. Curley*, 749 F. Supp.2d 644, 645-46 (E.D. Mich. 2010). Furthermore, "[d]espite the broad language in *Padilla*, district courts have continued to hold that a case properly is transferred to the jurisdiction of conviction when the petitioner is housed in another state only for the convenience of and pursuant to a contractual relationship with the state wherein the conviction was rendered." *Id.* at 646.

As noted above, Petitioner is incarcerated in a federal prison in Colorado pursuant to a contractual agreement between the Georgia Department of Corrections and the Federal Bureau of Prisons. Furthermore, Petitioner specifically asserts that "the

Georgia Department of Corrections retains control over [Petitioner's] custody." (ECF No. 1 at 5.) As a result, it appears that the warden of the federal prison in Colorado in which Petitioner is confined does not "exercise[] legal control with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 438. Under these circumstances, the Court finds that the Georgia Department of Corrections is Petitioner's "true custodian." *See Holder*, 749 F. Supp.2d at 647.

For all of these reasons, the Court finds that it is appropriate and in the interest of justice to transfer this action to a federal district court in Georgia. Because Petitioner is challenging a conviction entered in the Fulton County Superior Court, the instant action will be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 90(a)(2). Accordingly, it is

ORDERED that the clerk of the Court transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

DATED at Denver, Colorado, this  15th  day of     May    , 2012.

BY THE COURT:

  s/'Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court